IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| AIR VENT, INC. <br> 4117 Pinnacle Point Drive <br> Suite 400 <br> Dallas, Texas 75211 <br>           Plaintiff, <br> <br> v. <br> <br> MARIO KASEDA <br> 1338 East 289th Street <br> Wickliffe, Ohio 44092 <br> <br> SOLUTION SUPPLY COMPANY, INC. <br> 1338 East 289th Street <br> Wickliffe, Ohio 44092 <br> <br> And <br> <br> STRUCTURE ROOFING COMPANY, INC. <br> 1338 East 289th Street <br> Wickliffe, Ohio 44092 <br> <br>           Defendants. | CASE NO.:  1:09 CV 2360 <br> <br> JUDGE: <br> <br> <br> **COMPLAINT** <br> <br> <br> <br> <br> *Jury Demand Endorsed Hereon* |

## **PLAINTIFF'S COMPLAINT**

Plaintiff Air Vent, Inc. ("Plaintiff"), by its attorneys, Janik L.L.P. and Meredith & Keyhani, PLLC, for its Complaint against Mario Kaseda ("Kaseda"), Solution Supply Company, Inc. ("Solution Supply") and Structure Roofing Company, Inc. ("Structure Roofing") (collectively "Defendants"), alleges as follows:

### I.   THE PARTIES

1.   Plaintiff is a Delaware corporation, having a principal place of business at 4117

Pinnacle Point Drive, Suite 400, Dallas, Texas 75211.

2.  Plaintiff is the owner by assignment of United States patents No. 6,149,517 ("the '517 Patent"), entitled "End-Ventilating Adjustable Pitch Arcuate Roof Ventilator," issued November 21, 2000, and No. 6,793,574 ("the '574 Patent"), entitled Vent With Presecured Mechanical Fasteners," issued September 21, 2004.

3.  Plaintiff is in the business, *inter alia*, of manufacturing and selling building construction products, including, without limitation, roof ridge ventilators ("ridge vents"), certain of which are sold under the name and trademark "Shinglevent® II," which product is covered by and marked with the number of the '517 Patent.

4.  On information and belief, Mario Kaseda is an individual citizen residing in the State of Ohio.

5.  On information and belief, Solution Supply is an Ohio corporation having a place of business at 1338 East 289th Street, Wickliffe, Ohio 44092.

6.  On information and belief, Structure Roofing is an Ohio corporation having a place of business at 1338 East 289th Street, Wickliffe, Ohio 44092.

7.  On information and belief, Mario Kaseda is the sole owner and principal operator of defendants Solution Supply and Structure Roofing.

8.  On information and belief, Solution Supply is in the business of offering for sale, distributing, and selling within the United States ridge vents for providing roof ventilation as set forth in one or more of the claims of the '517 and '574 Patents.

9.  On information and belief, Structure Roofing is in the business of installing within the United States ridge vents for providing roof ventilation as set forth in one or more of the claims of the '517 and '574 Patents.

## II. JURISDICTION AND VENUE

10. This action arises under the Patent Laws of the United States, Title 35 United States Code §§ 1 *et. seq.*, and the common law of unfair competition and unjust enrichment. This Court has supplemental jurisdiction over the common law claims of unfair competition and unjust enrichment pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b). Venue is also proper in this judicial district as to all additional Defendants concerning activities that infringe the Patents-in-Suit, including the Defendant Kaseda, as sole owner and principal operator of each of the corporate defendants, Solution Supply and Structure Roofing, which are interrelated companies, all of which are solely owned and principally operated by Kaseda. Therefore, venue is proper in this judicial district as to all Defendants.

## III. FACTUAL BACKGROUND

12. Defendants collectively offer for sale, distribute, sell and install ridge vents under the tradename "Breasevent."

13. Upon information and belief, the infringing Breasevent was originally manufactured under the direction and instructions of Kaseda by Shandex, the Chinese affiliate of a New Jersey corporation Shandex Industrial, Inc., and thereafter sold to Defendants, which in turn distribute, offer for sale, sell and/or install it throughout the United States.

14. The Breasevent product that is offered for sale, distributed, sold and installed by Defendants is a copy of Plaintiff's Shinglevent® II product.

15. Defendants knew or had reason to believe that the Breasevent product that it obtained from Shandex and offered for sale, distributed, sold as its own to its customers and

installed therefore is a knock-off copy of Plaintiff's patented Shinglevent® II product. Despite this knowledge, Defendants willfully and in bad faith offered for sale, distributed, sold and installed the Breasevent product as its own, and continues to do so to the present time.

### IV.     COUNT 1:    INFRINGEMENT OF THE '517 PATENT

16.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 17 as if fully set forth herein.

17.     The aforesaid activities of Defendants Kaseda, Solution Supply and Structure Roofing constitute infringement, inducement of infringement and/or contributory infringement of claims 1-3 of the '517 Patent. Upon information and belief, Defendant will continue to infringe the '517 Patent unless enjoined by this Court.

18.     As a result of Defendants' infringing conduct, Plaintiff has been irreparably damaged to an extent not yet determined and Plaintiff will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from further acts of infringement.

19.     Plaintiff is entitled to recover damages in an amount that adequately compensates it for Defendants' willful infringement, which damages should be increased up to three times the amount found or assessed.

### V.     COUNT 2:    INFRINGEMENT OF THE '574 PATENT

20.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 21 as if fully set forth herein.

21.     The aforesaid activities of Defendants Kaseda, Solution Supply and Structure Roofing constitute infringement, inducement of infringement and/or contributory infringement of claims 1-3, 13, 18 and 20 of the '574 Patent. Upon information and belief, Defendant will

continue to infringe the '574 Patent unless enjoined by this Court.

22. As a result of Defendants' infringing conduct, Plaintiff has been irreparably damaged to an extent not yet determined and Plaintiff will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from further acts of infringement.

23. Plaintiff is entitled to recover damages in an amount that adequately compensates it for Defendants' willful infringement, which damages should be increased up to three times the amount found or assessed.

## VI.    COUNT 3:   UNFAIR COMPETITION AND UNJUST ENRICHMENT

24. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 25 as if fully set forth herein.

25. Defendants' aforesaid activities in offering for sale, distributing, selling and installing the Breasevent product, knowing the same to be a knock-off copy of Plaintiff's Shinglevent® II product, evidences bad faith misappropriation of the labors and expenditures of another, is likely to cause confusion or deception as to the origin of the goods, and constitutes unfair competition under common law.

26. As an intended, direct, foreseeable and proximate cause of Defendants' wrongful and unjustified conduct, Plaintiff is suffering and will continue to suffer injury as set forth herein, including damages in the form of lost business opportunities and lost profits from the sale of its Shinglevent® II product.

27. Plaintiff is entitled to the return, by way of disgorgement, restitution, divestiture, and/or other equitable remedy, of such monies, and is entitled to an order enjoining Defendants from engaging in future unjustified conduct that is the same as or similar to the conduct

complained of herein.

28.     In partial or full alternative to the preceding claims for relief, Plaintiff has no adequate remedy at law for the injunctive relief sought herein and seeks such relief to remedy otherwise immediate and irreparable harm.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

(a)     That Defendants be adjudged to have infringed, induced others to infringe, and/or committed acts of contributory infringement with respect to U. S. patents 6,149,517 and 6,793,574 by offering to sell, distributing, selling and installing knock-off copies of Plaintiff's Shinglevent® II product, and that said infringement be declared willful;

(b)     That the individual Defendant, Mario Kaseda, and the corporate Defendants, Solution Supply and Structure Roofing, their officers, agents, servants, employees, parents, subsidiaries, divisions, affiliates, successors, and all others in active concert or participation with Defendants or acting on their behalf, be preliminarily and permanently enjoined from further infringement of said 6,149,517 and 6,793,574 patents;

(c)     That Defendants be ordered to account for and pay to Plaintiff all damages caused to said Plaintiff by reason of Defendants' infringement of said U. S. patents 6,149,517 and 6,793,574 pursuant to 35 U.S.C. § 284, including enhanced damages for willful infringement;

(d)     That Plaintiff be granted prejudgment interest on the damages caused to it by reason of Defendants' infringement of said U. S. patents 6,149,517 and 6,793,574;

(e)     Determining that this is an exceptional case, pursuant to 35 U.S.C. § 285 and awarding Plaintiff its attorney fees;

(f)     Determining that Defendants have competed unfairly with Plaintiff under the common law, as evidenced by Defendants' bad faith misappropriation of the labors and

expenditures of Plaintiff in creating its Shinglevent® II product, and that such unlawful activity is likely to cause confusion or deception as to the origin of the goods;

 (g) Awarding Plaintiff damages to compensate for Defendants' unfair competition;

 (h) Preliminarily and permanently enjoining the individual Defendant, Mario Kaseda, and the corporate Defendants, Solution Supply and Structure Roofing, their parents, subsidiaries, affiliates, officers, agents and employees from unfairly competing further with Plaintiff;

 (i) Determining that Defendants have been unjustly enriched as a result of their unlawful and unjust activities and awarding Plaintiff its damages as a result; and

 (j) Granting Plaintiff such other and further relief as the Court may find just and equitable to remedy such unfair competition and unjust enrichment.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Fed. R. Civ. P., Plaintiff demands a jury trial for all issues triable of right by a jury in this case.

      */s/ Courtney J. Trimacco*
      COURTNEY J. TRIMACCO (0082816)
      JANIK L.L.P.

Dated: October 12, 2009

Respectfully submitted,


 */s/ Courtney J. Trimacco*
COURTNEY J. TRIMACCO (0082816)
JANIK L.L.P.
9200 South Hills Blvd., Suite 300
Cleveland, OH  44147-3521
440-838-7600 – Main | 440-838-7601 – Fax
440-740-3016 – Trimacco
Courtney.Trimacco@Janiklaw.com

And


LIPPES MATHIAS WEXLER FRIEDMAN LLP

Dariush Keyhani, Esq. (*Pro Hac Vice* admission pending)
dkeyhani@lippes.com
Sidney R. Bresnick, Esq. (*Pro Hac Vice* admission pending)
sbresnick@meredithkeyhani.com
665 Main Street, Suite 300
Buffalo, NY 14203
(716) 853-5100 Main Number
(716) 898-8938 Direct Line
(716) 299-2499 Facsimile

{00388503; 1; -; 179}